IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ANTHONY YUMA DUNCAN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3: 25-cv-01694-D-BN |
| | § | |
| STATE OF TEXAS, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff Anthony Yuma Duncan filed this civil rights action pursuant to 42 U.S.C. § 1983 against the State of Texas. Plaintiff has been granted leave to proceed *in forma pauperis*, pursuant to 28 U.S.C. Section 1915, until judgment is entered in this case. *See* Dkt. No. 7. Because Plaintiff is proceeding *in forma pauperis*, his complaint is before the undersigned United States Magistrate Judge for screening under 28 U.S.C. Section 1915(e)(2)(B).

In his complaint, Plaintiff alleges that the State of Texas unlawfully arrested, prosecuted, and incarcerated him for approximately two years for failing to comply with a lifetime registration requirement that, according to Plaintiff, did not apply to him. *See* Dkt. No. 3 at 4. Plaintiff contends that his obligation to register expired when his underlying conviction was discharged on February 2, 1997. He further asserts that an "illegal prosecution" occurred on October 22, 2024, and seeks monetary compensation for what he characterizes as unlawful incarceration. *Id.*

The judicial record, of which the Court takes notice below, reflects a

- 1 -

considerably more complex history. And, for the reasons stated here, the undersigned recommends that Plaintiff's complaint be dismissed without prejudice.

### Legal Standard

Because Plaintiff proceeds *in forma pauperis*, his complaint is subject to screening under 28 U.S.C. Section 1915(e)(2)(B). Under 28 U.S.C. Section 1915(e)(2)(B), a court must dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. *See* 28 U.S.C. Section 1915(e)(2)(B).

An action is frivolous if it lacks an arguable basis in either law or fact. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Brewster v. Dretke*, 587 F.3d 764, 767 (5th Cir. 2009) ("A claim may be dismissed as frivolous if it does not have an arguable basis in fact or law."). And while *pro se* pleadings are liberally construed, a plaintiff still must allege sufficient facts to state a plausible claim for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court  is "'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Id.* at 678 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id.*

Federal courts also have an independent obligation to examine subject matter jurisdiction at all stages of the proceeding and must dismiss an action whenever jurisdiction is lacking. *See Reule v. Jackson*, 114 F.4th 360, 365 (5th Cir. 2024), *cert. denied*, 145 S. Ct. 1431 (2025)("The issue of subject matter jurisdiction cannot be waived, and federal courts 'are duty-bound to examine the basis of subject matter

jurisdiction' at all stages in the proceedings and dismiss if jurisdiction is lacking." (cleaned up)).

## Analysis

### A. This Court lacks subject matter jurisdiction over Plaintiff's claims

First, the Court must begin with its subject matter jurisdiction, its "power to say what the law is." *United States v. Willis*, 76 F.4th 467, 479 (5th Cir. 2023); *see also Louisiana v. U.S. Dep't of Energy*, 90 F.4th 461, 466 (5th Cir. 2024) ("Jurisdiction is always first." (citation omitted)).

Plaintiff names only the State of Texas as the defendant in this matter for what he characterizes as unlawful arrest, prosecution, and incarceration. These claims fail at the threshold for lack of subject matter jurisdiction.

"Sovereign immunity under the Eleventh Amendment precludes suits by private citizens against states in federal court." *Tawakkol v. Vasquez*, 87 F.4th 715, 718 (5th Cir. 2023) (citation omitted). So, "[a]bsent waiver, the immunity of a state from suit as signified by, but not fully expressed in, the Eleventh Amendment is a jurisdictional barrier." *Stramaski v. Lawley*, 44 F.4th 318, 321-22 (5th Cir. 2022) (citation omitted). That is because "'[f]ederal courts are without jurisdiction over suits against a state, a state agency, or a state official in his official capacity unless that state has waived its sovereign immunity or Congress has clearly abrogated it.' Texas has not consented by statute, and § 1983," for example, "does not abrogate state sovereign immunity." *NiGen Biotech, L.L.C. v. Paxton*, 804 F.3d 389, 393-94 (5th Cir. 2015) (citations omitted); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100-01 (1984) (holding that the Eleventh Amendment bars suits against a State in

- 3 -

federal court absent consent).

Independently, a State is not a "person" subject to suit under Section 1983 in the first place. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64, 71 (1989) (holding that neither a State nor its officials acting in their official capacities are "persons" under § 1983).

Because Plaintiff seeks damages from a defendant that is both immune from suit and categorically outside Section 1983's reach, and because he identifies no exception to sovereign immunity that would allow this lawsuit to proceed, the State of Texas is entitled to dismissal without prejudice for lack of subject matter jurisdiction.

### B. Plaintiff's claims challenging the October 2024 prosecution and resulting incarceration are barred by *Heck v. Humphrey*

Even if Plaintiff had named a proper defendant, his claims are independently barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). "A complaint fails to state a claim where it demands relief barred by *Heck*." *Ray v. Recovery Healthcare Corp.*, No. 22-10303, 2022 WL 16945898, at *2 (5th Cir. Nov. 15, 2022) (per curiam) (citing *Crittindon v. LeBlanc*, 37 F.4th 177, 190 (5th Cir. 2022)). That is because a civil claim that "falls under the rule in *Heck* is legally frivolous unless the conviction or sentence at issue has been reversed, expunged, invalidated, or otherwise called into question." *Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996) (citation omitted).

As to whether a particular civil claim is subject to *Heck*,

> [i]t is well settled under *Heck* that a plaintiff who has been convicted of a crime cannot recover damages for an alleged violation of his constitutional rights if that "violation arose from the same facts

attendant to the charge for which he was convicted, unless he proves 'that his conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.'"

*Bush v. Strain*, 513 F.3d 492, 497 (5th Cir. 2008) (quoting *Ballard v. Burton*, 444 F.3d 391, 396 (5th Cir. 2006) (quoting *Heck*, 512 U.S. at 486-87)); *accord Magee v. Reed*, 912 F.3d 820, 822 (5th Cir. 2019) (per curiam) ("In *Heck*, the Supreme Court held that if a plaintiff's civil rights claim for damages challenges the validity of his criminal conviction or sentence, and the plaintiff cannot show that such conviction or sentence has been reversed, invalidated, or otherwise set aside, the claim is not cognizable under § 1983." (citing *Heck*, 512 U.S. at 486-87)).

That rule squarely applies here. Courts may take judicial notice of matters of public record, including state-court filings and judgments, s*ee Joseph v. Bach & Wasserman*, L.L.C., 487 Fed. Appx. 173, 178 (5th Cir. 2012), and those records directly contradict the factual premise underlying Plaintiff's claims.

Plaintiff has been subject to multiple criminal proceedings arising from his obligation to register as a sex offender spanning several years. In 2018, Plaintiff was arrested for failure to register, but that prosecution was dismissed in April 2019. *State v. Duncan*, F-1818650 (Dallas Cnty. Crim. Dist. Ct. No. 2, Apr. 5, 2019). That dismissal, however, did not terminate Plaintiff's registration obligations or resolve his ongoing noncompliance.

In 2020, Plaintiff was again charged with failure to register. He was convicted in December 2022 and sentenced to a two-year term of community supervision. *State v. Duncan*, F-2075167 (203rd Jud. Dist. Ct., Dallas Cnty., Dec. 14, 2022). Records

- 5 -

reflect that Plaintiff was advised of the reporting conditions of his supervision, indicated he did not intend to comply, and subsequently had his supervision revoked for failing to report as required in October 2024. *See Duncan v. State*, No. 05-23-00041-CR, 2024 WL 1190394, at *2 (Tex. App—Dallas Mar. 20, 2024, no pet.); *see also Duncan v. State*, No. 05-24-01292-CR, 2025 WL 3143489, at *1 (Tex. App—Dallas Nov. 10, 2025, no pet.).

While incarcerated on that conviction, Plaintiff filed a prior Section 1983 complaint advancing substantially similar theories to those asserted here, namely that sex offender registration requirements did not apply to him and that his 2018 arrest was unlawful. *See Duncan v. Resendez*, No. 3:23-CV-2058-N-BN, 2024 WL 3166085, at *1 (N.D. Tex. May 21, 2024), *rec. adopted*, No. 3:23-CV-2058-N, 2024 WL 3173612 (N.D. Tex. June 24, 2024). The Court determined that Plaintiff's claims were untimely, and fell outside the applicable two-year limitations period. *See id.* at *2-4.

Plaintiff now repackages that same underlying theory with a revised premise: that his registration obligation expired when his original conviction was "discharged" in 1997, and that an "illegal prosecution" therefore occurred on October 22, 2024. *See* Dkt. No. 3 at 4. But that characterization is directly refuted by the judicially noticeable record.

The premise that no registration duty ever existed after 1997 is squarely contradicted by Plaintiff's 2022 conviction for failure to register, a judgment that remains intact and that was entered after the very conviction he claims discharged his obligations. And the October 2024 event Plaintiff labels an "illegal prosecution"

was, in fact, the revocation of his community supervision, a judgment entered by the trial court and affirmed on appeal. *See Duncan*, 2025 WL 3143489, at *1.

Plaintiff cannot litigate around that conviction by relabeling a revocation proceeding as illegal. His theory that no lawful registration duty existed after 1997 would, if accepted, necessarily imply the invalidity of (1) his 2022 failure-to-register conviction, (2) the supervision conditions imposed as part of that judgment, and (3) the subsequent revocation of that supervision. That is precisely the kind of claim *Heck* bars. *See* 512 U.S. at 486-87.

Plaintiff alleges no facts showing that any of the underlying criminal judgments have been reversed, expunged, declared invalid, or otherwise called into question through habeas relief. Because those judgments remain intact, his claims are not cognizable under Section 1983 and are subject to dismissal without prejudice. *See Cf. Cook v. City of Tyler, Tex.*, 974 F.3d 537, 539 (5th Cir. 2020) (per curiam) (A *Heck* "dismissal 'does not preclude a later claim meeting the preconditions for suit.' That is, a *Heck* dismissal is a dismissal without prejudice." (cleaned up; quoting *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996); citing *Clarke v. Stalder*, 154 F.3d 186, 191 (5th Cir. 1998) (en banc))).

For these reasons, the Court should dismiss Plaintiff's claims without prejudice.

### Recommendation

Under 28 U.S.C. § 1915(e)(2)(B), the Court should dismiss Plaintiff's claims against the State of Texas without prejudice for lack of subject matter jurisdiction

based on Eleventh Amendment sovereign immunity. Any remaining claims should likewise be dismissed without prejudice as barred by *Heck v. Humphrey.*

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: May 11, 2026

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE